## THE STATE v. KELLY, *Appellant.*

Division Two, November 20, 1896.

Criminal Practice: ASSAULT TO KILL: INSTRUCTIONS: EVIDENCE. The instructions and evidence on a trial for assault with intent to kill examined and held that the former properly declared the law and that the evidence amply justified the verdict.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

AFFIRMED.

*R. F. Walker*, attorney general, and *C. O. Bishop* for the state.

(1) The indictment is in correct form and no error whatever appears in the record proper. Sec. 3489, R. S. 1889. (2) The instructions given were correct expositions of the law of the case, were in the most approved form and fully covered all the law of the case. (3) The case was, as is shown by the record, well tried, and no error committed by the court in the least prejudicial to the accused. The overwhelming testimony, accompanied by the physical facts, shows that the assault was unprovoked, unwarranted, and murderous.

BURGESS, J.—Defendant was convicted in the criminal court of the city of St. Louis of an assault with intent to kill one William H. Gardner, and his

punishment fixed at two years' imprisonment in the penitentiary. The case is here on his appeal.

On the fourteenth day of November, 1894, while Gardner and others in his employ were engaged in moving from the cellar of a building, which he had leased from defendant, on to the side walk in front of the building, preparatory to moving it elsewhere, a large marble slab weighing from five to six hundred pounds, defendant appeared on the premises with a revolver in one hand and an iron bar in the other, sat down on some steps near the men moving the slab, and remained there a few moments until Gardner, while assisting in moving the slab, assumed a stooping position, when defendant suddenly sprang toward him and hit him on the head with the bar, knocking him down, and fracturing his skull, in consequence of which it became necessary to remove a piece of his skull, about one inch and a quarter square, in order to save his life.

While defendant is not represented in this court, there was filed in his behalf in the court below, a motion for a new trial, assigning as grounds therefor the action of the court in admitting incompetent evidence on the part of the state; the exclusion of competent evidence offered by defendant; giving erroneous instructions; failure of the court to fully instruct the jury upon the law of the case; that the verdict of the jury was against the evidence and the law as declared by the court.

With respect of the first two grounds it is unnecessary to say more than that they seem to be entirely without merit, as there does not appear from the record any ruling of the court upon which to bottom them.

The instructions seem to be eminently fair to the defendant, and in form often approved by this court.

As to the alleged failure of the court to fully instruct the jury on the law of the case, the record dis-

closes that the court instructed for assault with intent to kill with malice aforethought, assault to kill without malice, self-defense, the good character of defendant, his competency as a witness, credibility of witnesses and reasonable doubt, which covered every phase of the case upon which there was any evidence to predicate an instruction.

There was abundant evidence to justify the verdict of the jury. Indeed they would have acted in disregard of their oath as jurymen had they found otherwise than as they did. There was not the slightest justification for the assault, and the punishment imposed was nothing more than the enormity of the offense required. The judgment is affirmed. All of this division concur.